UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LINDA L. GRAVES *et al.*,     Plaintiffs,

v.     Civil Action No. 3:15-cv-712-DJH

POLICE OFFICER RICHARD BURNS *et al.*,     Defendants.

\* \* \* \* \*

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on initial review of Plaintiffs Linda L. Graves and Nolan D. Graves' *pro se*, *in forma pauperis* complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, the Court will dismiss the action.

### I. STATEMENT OF FACTS AND CLAIMS

Plaintiffs[1] bring suit against the following five Defendants: 1) Louisville Metro Police Department (LMPD) Officer Richard Burns; 2) LMPD Officer Kevin Peak; 3) Becky Schroder, an assistant prosecutor in Jefferson County; 4) Lisa Langford, an assistant prosecutor in Jefferson County; and 5) David Bowles, whom Plaintiffs do not identify.[2] They allege violations of the Fourth and Fourteenth Amendments to the U.S. Constitution and of Section Ten of the Kentucky Constitution.

According to the complaint, on July 3, 2012, Plaintiff Linda Graves observed Officer Burns "looking in [her] car while parked outside her residence, [she] then watched him go across the street and park in a nearby parking lot." When Plaintiffs "pulled out of the parking lot

---

[1] On a few occasions, the complaint clearly indicates which Plaintiff is being referenced in the facts. The remainder of the complaint refers only to "Plaintiff." A liberal reading of the complaint indicates that when "Plaintiff" is referenced, it is a reference to Plaintiff Linda Graves.

[2] Although Plaintiffs fail to identify this Defendant other than by name, the complaint references Jefferson District Court Case No. 12-m-05110. The Court takes judicial notice of the docket sheet in that case, which indicates that David P. Bowles presided over a portion of that case.

Officer Burns pulled out behind them and followed them at a distance for over a mile before pulling them over at the corner of Taylor Blvd and Carrico Ave, . . . immediately after [] Burns[] made the stop plaintiff's were immediately surrounded by 7 to 9 undercover officers." Officer Burns "first rushed over to vehicle very irate and agitated he slammed his hands down in the window well, he then grabbed and pulled [Plaintiff Linda Graves] yelling Bi**ch get out of the mother f**king car for allegedly not having 'a rear-view mirror intact inside of her vehicle'" (asterisks by Plaintiff).  At that time, Officer Burns did not request a license from Plaintiff Linda Graves but "continue[d] to try and force [her] out of the vehicle without giving any reason."

Plaintiff Linda Graves claims that because Officer Burns' actions "along with seeing all the undercover officer in unmarked cars, caused [her] to fear for her safety as well as for the safety of her passengers, [she] grabbed her steering wheel with the intent to prevent any bodily harm and injury."  She states, "Officer Kevin Peak Rushed up yelling Linda Graves you were spotted in a high crime drug area as he rushed up and continued around to the passenger side of the vehicle and yelled you didn't have your seat belt on as he pulled and jerked [Plaintiff Nolan Graves] out of the vehicle."  Further, "[w]hile officer Burns continued to use vulgar language," Plaintiff Linda Graves asked him "several times why all of this over a rearview mirror[]?"  Then, according to Plaintiffs,

> Officer Richard Burns went into a rage and yelled the Bitch won't get out of the mother fucking car he then punched plaintiff in the face area, at that point 4 officers rushed over and started punching [Plaintiff Linda Graves] in the head area through the window, these officers caused severe neck injuries to [her].  Officer Peak was in the passenger side window pulling plaintiff in one direction, while two of other officers were on the driver side pulling plaintiff's legs apart in opposite direction which caused severe hip damage? [] Subsequently, [Plaintiff Linda Graves] was arrested for resisting arrest and disorderly conduct, [she] was "never charged with the initial reason for the stop' not having a rear-view mirror intact in her vehicle.

Plaintiff Linda Graves reports that she then filed a formal complaint with the LMPD Professional Standards Unit against Officers Burns and Peak and against the other unknown officers "alleging that they had in fact used 'unreasonable and unnecessary use of physical force upon plaintiffs without justifiable reason or cause for the use of physical force." She claims that "LMPD's professional Standard Unit found that officer has violated LMPD's policies and procedures with regards to 'courtesy and that officer Burn' displayed unprofessional conduct with regards to the plaintiff."

According to the complaint, on September 9, 2014, Plaintiff Linda Graves, by counsel, moved to dismiss Jefferson District Court Case No. 12-m-015110 on the grounds of actual innocence and that Officer Burns arrested her "[w]ithout any justifiable cause or reason." Plaintiff claims that she also "moved the Jefferson District Court to dismiss charges based on Lisa Langford and Becky S[chr]oder assistance county attorney and commonwealth attorney. Perpetration fraud upon the court." According to Plaintiff, on September 9, 2014, the Jefferson District Court granted the Commonwealth's request to dismiss her case.

Plaintiff Linda Graves alleges the use of "unreasonable and unnecessary physical force" and an illegal stop, search, and arrest. She also alleges that the illegal stop, search, and arrest "were out of retaliation against plaintiff for filing previous complaints."[3] Finally, Plaintiff alleges "that she was also racially profiled,[4] just because you see plaintiff in the area in which she lives is no justifiable reason to watch and stop her."

As relief, Plaintiffs seek compensatory and punitive damages.

---

[3] Plaintiff maintains that she "moved out of her house in April 2012 . . . to [an] apartment . . . due to constant harassment, officer's continued to ----- to conduct unreasonable searches without executing any warrants for several years[.]"

[4] Plaintiff does not indicate her race in the complaint.

3

## II.  LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e).  On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less

stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. Federal Claims

Plaintiffs allege Fourth and Fourteenth Amendment violations of the Constitution by state and local officers. The Court, therefore, liberally construes the complaint as being brought pursuant to 42 U.S.C. § 1983. *Vistein v. Am. Registry of Radiologic Technologists*, 342 F. App'x 113, 127 (6th Cir. 2009) ("To proceed on a claim under 42 U.S.C. § 1983, a plaintiff must show that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or laws of the United States."); *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987) ("[I]n cases where a plaintiff states a constitutional claim under 42 U.S.C. § 1983, that statute is the exclusive remedy for the alleged constitutional violations."), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989).

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

5

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### 1. *Officers Burns and Peak*

Section 1983 does not contain its own statute of limitations period, but it is well settled that constitutional claims asserted under § 1983 are governed by the state personal injury statute of limitations. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Personal injury actions in Kentucky "shall be commenced within one (1) year after the cause of action accrued." Ky. Rev. Stat. § 413.140(1); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

Though the applicable statute of limitations is determined by state law, the "date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (2007) (citing *Kuhnle Bros., Inc. v. Cty. of Geauga*, 103 F.3d 516, 519 (6th Cir.1997)). "[I]t is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (citing *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997) (internal quotation marks and citations omitted)).

Plaintiff Nolan Graves alleges that Officer Peak jerked him out of Plaintiff Linda Graves' vehicle. The Court construes this allegation as an excessive force claim. The incident occurred

on July 3, 2012. The one-year limitations period began running on that date and expired one year later on July 3, 2013. Because the complaint was not filed until over two years later on September 4, 2015, Plaintiff Nolan Graves' excessive force claim is untimely and must be dismissed as frivolous. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

Plaintiff Linda Graves alleges the following claims arising out of the July 3, 2012, incident: illegal stop, unreasonable search and seizure, use of excessive force, false arrest, retaliatory arrest, and racial profiling. As to the date those claims accrued, "a claim for wrongful arrest under § 1983 accrues at the time of the arrest or, at the latest, when detention without legal process ends." *Fox v. DeSoto*, 489 F.3d at 233 (citing *Wallace v. Kato*, 549 U.S. at 397); *Perry v. Miller*, No. CV 15-113, 2016 WL 836209, at *6 (W.D. Pa. Feb. 12, 2016) ("[A]ll of Defendants' alleged retaliatory acts resulted in injury to Plaintiff upon his arrest. Therefore, Plaintiff would have been aware of the injuries he sustained as a result of the claimed retaliation on August 9, 2011, the alleged date of his arrest. These claims too, are obviously time barred."), *report and recommendation adopted*, No. CV 15-113, 2016 WL 826054 (W.D. Pa. Mar. 3, 2016); *Peinado v. City & Cty. of San Francisco*, No. C-11-1799 EMC, 2013 WL 163473, at *4 (N.D. Cal. Jan. 15, 2013) ("Like his claim for false arrest and imprisonment, Plaintiff's retaliatory arrest sub-claim accrued, at the latest, on April 1, 2005[, his arraignment]."). "A § 1983 claim for excessive force in effectuating an arrest accrues at the time of arrest." *Fox v. DeSoto*, 489 F.3d at 233. Additionally, a claim of unlawful search and seizure accrues at the time of the alleged search and seizure. *See Harper v. Jackson*, 293 F. App'x 389, 392 n.1 (6th Cir. 2008) ("Harper's claims thus accrued on July 31, 2003, the date of the alleged illegal search and seizure."); *Michel v. City of Akron*, 278 F. App'x 477, 480 (6th Cir. 2008) ("[T]he statute of limitations on Michel's Fourth Amendment claims began to run from the search on November

7

23, 2004."). The one-year statute of limitations on Plaintiff Linda Graves' Fourth Amendment claims, therefore, accrued on July 3, 2012, the date of the stop, or at the latest on July 6, 2012, the date when Plaintiff was arraigned in Jefferson District Court Case No. 12-m-015110.[5,6] The limitations period, therefore, expired one year later, at the latest, on July 6, 2013. Because the complaint was not filed until September 4, 2015, over two years after expiration of the limitations period, Plaintiff Linda Graves' Fourth Amendment claims against Defendants Officers Burns and Peak are untimely and must be dismissed as frivolous.

To the extent that Plaintiff Linda Graves' racial profiling claim is part and parcel of her Fourth Amendment claims, it, too, would be barred by the statute of limitations. *See Delaney v. Johnson City, Tenn. Police Dep't*, No. 2:09-CV-269, 2011 WL 540295, at *3 (E.D. Tenn. Feb. 4, 2011) (indicating plaintiff's racial profiling claim accrued on June 25, 2008, the date of the traffic stop). To the extent that Plaintiff may be attempting to allege a Fourteenth Amendment selective enforcement claim, the law is not as clear as to when the cause of action accrues. *See Dique v. New Jersey State Police*, 603 F.3d 181, 188 (3d Cir. 2010) ("[I]n a case of selective-enforcement we will no longer require that the complainant have been convicted and have had that conviction reversed, expunged or invalidated [as required by *Heck*] . . . . [T]he statute of limitations 'beg[an] to run at the time [Dique] bec[ame] detained pursuant to legal process.'")

---

[5] The Court takes judicial notice of the docket sheet for Jefferson District Court Case Number 12-m-015110. *See, e.g.*, *Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005) ("All circuits to consider the issue have noted that a court may take judicial notice of at least some documents of public record when ruling on a Rule 12(b)(6) motion."); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) ("'Federal courts may take judicial notice of proceedings in other courts of record.'") (quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969)).

[6] To the extent Plaintiff Linda Graves may argue that the statute of limitations for her Fourth Amendment claims accrued on September 9, 2014, when the Jefferson District Court dismissed the charges against her, that argument is meritless. *See Fox v. DeSoto*, 489 F.3d at 235 ("The *Wallace* Court rejected both the argument that the statute of limitations on a false arrest claim should begin only after 'an anticipated future conviction . . . occurs and is set aside,' and that the statute of limitations on such a claim should be tolled until an anticipated future conviction is set aside.") (quoting *Wallace v. Kato*, 549 U.S. at 388).

(citing *Wallace v. Kato*, 549 U.S. at 397); *but see Hutson v. Felder*, No. CIV.A. 5:07-183-JMH, 2008 WL 4186893, at *5 (E.D. Ky. Sept. 10, 2008) ("It appears that the greater weight of authority holds that *Heck* bars a claim that police selectively targeted an arrestee for prosecution based upon their race."). Plaintiff, nonetheless, fails to plead facts demonstrating any Fourteenth Amendment racial profiling claim. First, she fails to allege her race. Second, she fails to allege that someone similarly situated was treated differently. *See Bah v. Attorney Gen. of Tenn.*, 610 F. App'x 547, 554 (6th Cir. 2015) ("'In order to make out an equal protection claim on the basis of selective enforcement, a plaintiff must demonstrate that someone similarly situated [—]but for the illegitimate classification used by the government actor[—]was treated differently.'") (quoting *Boone v. Spurgess*, 385 F.3d 923, 932 (6th Cir. 2004)). This Court "need not accept a 'bare assertion of legal conclusions,'" *Tackett*, 561 F.3d at 488 (citation omitted), and a "complaint [fails to] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). For these reasons, Plaintiff Linda Graves' racial profiling claims against Officers Peak and Burns will be dismissed.

### 2. *Langford and Schroder*

As to the prosecutor Defendants, Plaintiff Linda Graves alleges, "Perpetration fraud upon the court." However, she alleges no facts to support this conclusion and, thus, fails to state a claim against them. *See Iqbal*, 556 U.S. at 678-79 ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). Further, because Plaintiff is complaining of matters apparently occurring during her criminal proceeding, Defendants Langford and Schroder are entitled to prosecutorial immunity from suit. *See*

*Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010) (explaining that prosecutorial "[f]unctions that serve as an 'integral part of the judicial process' or that are 'intimately associated with the judicial process' are absolutely immune from civil suits") (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). They are also entitled to Eleventh Amendment immunity from damages claims against them in their official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *Boone v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003) ("[Plaintiff's] request for monetary relief against the prosecutors in their official capacities is deemed to be a suit against the state and also barred by the Eleventh Amendment."). For these reasons, the claims against Defendants Langford and Schroder will be dismissed.

### 3. Bowles

Some factual basis for claims against a defendant must be set forth in the pleadings. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). Other than listing him as a Defendant, Plaintiff does not mention Defendant Bowles in any other part of the complaint and fails to state a claim against him. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam) (stating that personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation). Presuming he was the Jefferson District Court Judge who presided over part of Plaintiff's criminal action and granted the Commonwealth's request to dismiss the charges against Plaintiff, Plaintiff alleges no wrongdoing by him. Further, he is entitled to absolute judicial immunity, *see Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) ("It is well established that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction.") (citing *Mireles v.*

*Waco,* 502 U.S. 9 (1991) (per curiam)), and Eleventh Amendment immunity. *Bennett v. Thorburn*, No. 86-1307, 1988 WL 27524, at *1 (6th Cir. Mar. 31, 1988) (concluding that an official capacity suit against a judge who presided over state court litigation was barred by the Eleventh Amendment). Consequently, the claims against Defendant Bowles will be dismissed.

### B. *State-Law Claim*

Plaintiff also alleges violations of Section Ten of the Kentucky Constitution. Under 28 U.S.C. § 1367(c), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the Court will dismiss the federal claims over which it has original jurisdiction, it will decline to exercise supplemental jurisdiction over the state-law claim and dismiss it without prejudice. *See Runkle v. Fleming*, 435 F. App'x 483, 486 (6th Cir. 2011) ("[W]hen, as here, 'all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims.'") (quoting *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996)).

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the instant action by separate Order.

Date: July 7, 2016

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiffs Linda and Nolan Graves, *pro se*
     Defendants
4415.005